**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

August 27, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Jennifer K. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2182-DRM

Dear Counsel:

On July 7, 2025, Plaintiff Jennifer K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 9, 12, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed an application under Title II of the Social Security Act for a period of disability and disability insurance benefits on August 31, 2021, alleging a disability onset date of August 20, 2019. Tr. 56. Plaintiff's claim was denied initially on September 7, 2022, and on reconsideration on March 14. 2023. Tr. 18. On February 6, 2024 an Administrative Law Judge ("ALJ") held a hearing. Tr. 32-54. Following the hearing on June 20, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 15-31. A request for review by the Appeals Council was denied on May 22, 2025, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a). Subsequently, Plaintiff filed an action for judicial review on July 7, 2025. ECF No. 1.

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged

period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has "not engaged in substantial gainful activity since August 30, 2019, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: multiple sclerosis, transverse myelopathy, and insomnia disorder. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work but with the following limitations:

> she can lift up to 20 pounds occasionally and 10 pounds frequently. She can stand or walk for 6 hours out of an 8-hour workday. She can sit for 6 hours out of an 8-hour workday. She can occasionally climb ramps or stairs, and never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, and frequently stoop, kneel, crouch, and crawl. The claimant can perform work where she has occasional exposure to extreme cold, and no exposure to hazards such as moving machinery and unprotected heights.

Tr. 23. At step four, the ALJ determined that Plaintiff could perform past relevant work as a Sales Clerk and Housekeeping Cleaner. Tr. 26. At step five, the ALJ determined that Plaintiff could alternatively perform jobs that existed in significant numbers in the national economy, such as Small Parts Assembler, Cashier 2, and Cafeteria Attendant. Tr. 27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that remand is required because the ALJ failed to evaluate the opinion of consultative examiner Mirza Nusairee, M.D. ("Dr. Nusairee"), including its supportability and consistency with respect to Plaintiff's sitting, standing, and walking limitations. ECF No. 9 at 7. Plaintiff further argues that the ALJ failed to adequately evaluate her allegations of fatigue and dysfunction, particularly her testimony that she required daily naps, because the ALJ neither incorporated corresponding breaks into the RFC nor explained why they were unnecessary. *Id.* at 12.

The Commissioner responds that substantial evidence supports the RFC because the ALJ considered the medical evidence, treatment history, prior administrative findings, Plaintiff's subjective complaints, and her daily activities. The Commissioner argues that the record did not support Dr. Nusairee's greater limitations and that the ALJ adequately explained why Plaintiff's allegations of disabling symptoms were inconsistent with the overall evidence.

In reply, Plaintiff maintains that the Commissioner effectively concedes that the ALJ did not evaluate Dr. Nusairee's opinion and improperly attempts to supply the ALJ's missing reasoning through post-hoc rationalization. Plaintiff similarly argues that the Commissioner cannot cure the ALJ's failure to explain why her alleged need for daily naps was rejected.

This opinion focuses on Plaintiff's first argument, that the ALJ failed to evaluate the opinion of Dr. Nusairee. When evaluating medical opinions in claims filed on or after March 27, 2017[1], an ALJ must "articulate how [they] considered the medical opinions and prior administrative medical findings in [the] claim" pursuant to the relevant regulation. 20 C.F.R. § 404.1520c(a).

In particular, the ALJ "*will* explain how [they] considered the supportability and consistency factors [of § 404.1520c(c)(1) & (2)] for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[2] "Supportability roughly means the amount of objective medical evidence supporting the medical opinion, and consistency roughly means how well the medical opinion lines up with other material in the record." *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025).

As the Fourth Circuit has explained:

> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ

---

[1] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

[2] The ALJ must also consider, but is not required to explain, the remaining § 404.1520c(c) factors of the medical source's relationship with the claimant, specialization of the medical source, and other factors. 20 C.F.R. § 404.1520c(b)(2).

> need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold*, 144 F.4th at 604-05. Said another way, the ALJ is "required by rule" to explain how they considered the supportability and consistency factors in their opinion. *Id*. at 605. Additionally, "[a]lthough the ALJ is not required to refer to every piece of evidence when rendering his decision, he must provide a reasoned basis for rejecting evidence that runs contrary to his ultimate conclusion." *Lauren v. Dudek*, No. SAG-24-0480, 2025 WL 754522, at *5 (citing *Reid v. Comm'r Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)).

Here, the ALJ failed to articulate any evaluation of Dr. Nusairee's opinion as required by the regulations. Dr. Nusairee opined, among other limitations, that Plaintiff could sit for only thirty minutes at a time and four hours total in an eight-hour workday, stand for one hour at a time and four hours total, and walk for fifteen minutes at a time and two hours total. Tr. 500. Although the ALJ stated generally that he considered the medical opinions and prior administrative medical findings pursuant to 20 C.F.R. § 404.1520c, Tr. 23, his subsequent discussion of the opinion evidence addresses only the State agency findings and contains no reference to Dr. Nusairee's opinion, much less an assessment of its supportability or consistency. Tr. 25-26.

The Commissioner argues that the record does not support the degree of limitation assessed by Dr. Nusairee and points to the ALJ's discussion of treatment records and the State agency findings. But the ALJ did not offer those reasons for discounting Dr. Nusairee's opinion, and the Court may not supply a rationale the ALJ did not provide. As the Fourth Circuit explained in *Drumgold*:

> we ask not just "whether the ALJ examined all relevant evidence" but also whether the ALJ "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023). The reason for this requirement, as in other administrative-law contexts, is that appellate *re*view is possible only when someone has first articulated a *view*. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017). Missing analysis "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). And so we have said that an ALJ must not only reach a conclusion supported by substantial evidence but also "build an accurate and logical bridge from the evidence to their conclusions." *Arakas [v. Comm'r of Soc. Sec. Admin.]*, 983 F.3d [83,] 95 [(4th Cir. 2020)](quotation omitted).

*Drumgold*, 144 F.4th at 605.

Because the Court cannot determine from the decision whether or why the ALJ rejected Dr. Nusairee's materially more restrictive limitations, meaningful judicial review is frustrated. Accordingly, remand is warranted for the ALJ to evaluate Dr. Nusairee's opinion in accordance with 20 C.F.R. § 404.1520c.

Because the case is being remanded on other grounds, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge